

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700        973/645-2700
Newark, NJ 07102

[ASP/ZI]/PL AGR
[2010R00138]

August 24, 2012

Edgar Fankbonner, Esq.
401 Broadway
Suite 306
New York, New York 10013

CR. 13-543(ES)

      Re:  <u>Plea Agreement with Hui Huang, a/k/a "Rick Wang"</u>

Dear Mr. Fankbonner:

      This letter sets forth the plea agreement between your client, Hui Huang, a/k/a "Rick Wang," and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Hui Huang to a one-count information, which charges that Hui Huang conspired with others to traffic and attempt to traffic in counterfeit goods in violation of 18 U.S.C. §§ 2320 & 2. If Hui Huang enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Hui Huang for conspiring with others to traffic and attempt to traffic in counterfeit goods from August 2008 through February 2012. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Hui Huang

- 1 -

may be commenced against him, notwithstanding the expiration of the limitations period after Hui Huang signs the agreement.

Sentencing

The violation of 18 U.S.C. §§ 2320 & 2 to which Hui Huang agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to $2,000,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Hui Huang is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Hui Huang ultimately will receive.

Further, in addition to imposing any other penalty on Hui Huang, the sentencing judge: (1) will order Hui Huang to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Hui Huang to pay restitution pursuant to 18 U.S.C. § 2323; (3) may order Hui Huang, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 2323; and (5) pursuant to 18 U.S.C. § 3583, may require Hui Huang to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Hui Huang be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Hui Huang may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Hui Huang by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Hui Huang's activities and relevant conduct with respect to this case.

Stipulations

This Office and Hui Huang agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Hui Huang from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Hui Huang waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture and Abandonment

Hui Huang agrees that, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2323, he will forfeit to the United States whatever title and/or interest he has in the following items:

- 2008 Honda Accord, Vehicle Identification Number 1HGCP26458A09513, seized from Jian Zhi Mo on March 2, 2012
- $1,019.00 USD seized from Jian Zhi Mo on March 2, 2012
- 2007 Honda Accord, Vehicle Identification Number 1HGCM56837A146457, seized from Yuan Bo Lai on March 2, 2012
- $1,161.25 USD seized from Ning Guo on March 2, 2012
- $351 in Caesar's gaming chips seized from Ning Guo on March 2, 2012
- $1,040.00 USD seized from Hui Huang on March 2, 2012
- $10,100 in Caesar's gaming chips seized from Hui Huang on March 2, 2012
- The real property located at 184 Westwood Avenue, Staten Island, New York
- $79,418 USD seized from Da Yi Huang on March 2, 2012 (seized from 184 Westwood Ave., Staten Island, New York)
- $15,567 USD seized from Fei Ruo Huang on March 2, 2012 (seized from 57 Tillman Street, Floor 1, Staten Island, New York)
- $2,541 USD seized from Dao Feng Shi on March 2, 2012 (seized from 236 Columbus Ave., Unit B, Palisades Park, New Jersey)
- $2,061 USD seized from Jian Chun Qu on March 2, 2012 (seized from 207-08 42nd Ave, Bayside, New York)
- $1,864 USD seized from Wu Lin on March 2, 2012 (seized from 52-11 69th Place, Maspeth, New York)
- $160,413 USD seized from Xiance Zhou on March 2, 2012 (seized from 207-08 42nd Ave, Bayside, New York)

- 4 -

- $57,453 USD seized from TD Bank (155 Canal Street) safety deposit box # 851 on March 2, 2012
- $189,900 USD seized from HSBC Bank (11 East Broadway, New York) safety deposit box # 709503859 on March 2, 2012
- 56 items of jewelry (bracelets, rings, necklaces, earrings, and charms) seized from JP Morgan Chase (Ridgefield NJ) safety deposit box # 34 on March 6, 2012

(collectively, the "Specific Assets"). Hui Huang does not dispute that the Specific Assets are subject to forfeiture pursuant to 18 U.S.C. 2323 as (i) any article, the making or trafficking of which is prohibited under 18 U.S.C. § 2320, (ii) any property used, or intended to be used, in any manner or part to commit or facilitate the commission of an offense in violation of 18 U.S.C. § 2320, or (iii) any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of an offense in violation of 18 U.S.C. § 2320.

Hui Huang further agrees to waive all interest in the Specific Assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Hui Huang agrees to consent to the entry of an order of forfeiture for the Specific Assets and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Hui Huang understands that the forfeiture of Specific Assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Hui Huang hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration

- 5 -

consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Hui Huang. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Hui Huang.

No Other Promises

This agreement constitutes the plea agreement between Hui Huang and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Andrew S. Pak
Zach Intrater
Assistant U.S. Attorneys

APPROVED:

Erez Liebermann
Chief, Computer Hacking & Intellectual Property Section
Deputy Chief, Economic Crimes Unit

      I have received this letter from my attorney, Edgar Fankbonner, Esq. It has been translated for me into Mandarin. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*Hui Huang*        Date: 3/20/13
Hui Huang

      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*Fankbonner*        Date: 3/20/13
Edgar Fankbonner, Esq.

- 8 -

## Plea Agreement With Hui Huang

### Schedule A

1.      This Office and Hui Huang recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Hui Huang nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Hui Huang within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Hui Huang further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.      The version of the United States Sentencing Guidelines effective November 1, 2011 applies in this case. The applicable guideline is U.S.S.G. § 2B5.3. This guideline carries a Base Offense Level of 8.

3.      Specific Offense Characteristic 2B5.3(b)(1)(B) applies because the offense involves a criminal infringement of a trademark in excess of $5,000; therefore the table set forth in U.S.S.G. § 2B1.1(b) is applicable. Pursuant to U.S.S.G. § 2B1.1(b)(1)(G), Hui Huang's offense level is increased by 12 levels because the infringement amount, based on the retail value of the infringing goods (as opposed to the retail value of the infringed goods), exceeded $200,000 but was less than $400,000.

4.      Specific Offense Characteristic § 2B5.3(3)(A) applies because the offense involved the importation of infringing items. This Specific Offense Characteristic results in an increase of 2 levels.

5.      Pursuant to U.S.S.G. § 3B1.2(b), a defendant's offense level is decreased by 2 levels if the defendant was a minor participant in the criminal activity. Accordingly, Hui Huang's offense level is decreased by 2 levels since he was a minor participant.

6.      As of the date of this letter, Hui Huang has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Hui Huang's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Hui Huang has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Hui Huang's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Hui Huang enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Hui Huang's acceptance of responsibility has continued through the date of sentencing and Hui Huang therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Hui Huang's offense level under the Guidelines prior to the operation of U.S.S.G. § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Hui Huang is 17 (the "agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 17 is reasonable.

10. Hui Huang knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.